UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CYNTHIA HORN, ANDREW C. MARSHALL
and BROOKE ALISON ROBERTS,

      Plaintiffs,

v

ADAM R. SCHUMAKER, LEE H. TAYLOR,
OAKLAND COMMUNITY COLLEGE,
GENERAL MOTORS, LLC, and UNITED
AUTOWORKERS LOCAL 160,

      Defendants.

Case No. 13-CV-13630

HON. JUDITH E. LEVY

## AMENDED STIPULATED PROTECTIVE ORDER REGARDING NON-PARTY STUDENT EDUCATION RECORDS

The parties stipulate to the release of non-party student education records of former Oakland County Community College students who were enrolled in the Special Topics in Technology Science Apprenticeship Readiness Course at the College, TSC-2003, during the 2011 Summer semester;

The parties recognize that these individuals are not parties to this litigation and that the information ordered to be released qualifies as protected education records as defined in the Family Educational Rights and Privacy Act of 1974, 20 U.S.C. §1232g "FERPA." The right to privacy under FERPA belongs to the

student; not to Oakland County Community College. Even where there is a Court Order, the Defendant Oakland Community College is obligated to first make a "reasonable effort to notify the student of the Order in advance of compliance so that the student may seek a protective action." 34 C.F.R. §9931(a)(9)(ii).

All student records including information regarding former students are subject to this Protective Order.

This Order is intended to govern the use of such confidential Student Records.

For purposes of this Order, the Student Records shall include those files, documents, or information concerning an individual who is a current or former student at Oakland County Community College and is not a party to this litigation and which are maintained by Oakland County Community College or by a person(s) acting for such agency or institution. In accordance with the stipulation of the parties,

**IT IS ORDERED**:

Student Records and the information contained therein, may be given, shown, disclosed, made available, or communicated only to:

(a) Attorneys for the parties who have executed this Order or are working with such attorneys in such firm on this matter, and the paralegal, administrative, clerical and secretarial personnel assisting such attorney for whom access to such

material is necessary to perform their duties with respect to this case, provided that execution of this Order by any member of a law firm representing a party shall constitute a representation that all persons in or employed by that firm shall observe this Protective Order;

    (b)    The parties, to whom the confidentiality provisions of this Order also apply;

    (c)    Deposition witnesses and court reporter(s) in the course of such depositions, provided that the court reporter and the witness, if the witness is not a party to this litigation, such disclosure can only be made after execution of the attached Acknowledgement and pursuant to the terms of this Order;

    (d)    Experts and consultants qualified for access as follows: Before allowing an expert or consultant to gain access to the confidential Student Records or information contained therein, the disclosing counsel shall first require the expert or consultant to execute the Acknowledgement form attached hereto and provide him or her with a copy of this Order. In the event the expert is to be utilized as an expert at trial or deposition, a copy of the signed undertaking shall be provided to opposing counsel, and otherwise any such executed form shall be provided to opposing counsel upon request;

(e) The Court, in accordance with the terms of this Order, and if the Court finds any such document or the information contained therein admissible at trial and so orders, the jury.

All of these Student Records shall be maintained securely at the offices of the attorneys for the parties, in such a way as to allow access to those records only to those persons set forth above.

If a party intends to file or disclose a confidential Student Record or the information contained therein in any public filing in any way that would disclose the individual's name, address, e-mail address, telephone number or be otherwise personally identifiable with that individual, the party must seek permission from the Court.

In the event there is any inadvertent or unintended disclosure pursuant to discovery in this lawsuit of confidential student records or information contained therein, it shall not be deemed a waiver in whole or in part of a subsequent claim of protected treatment under this Protective Order, either as to the specific information and/or documents disclosed or as to any other information and/or documents. Notice of the inadvertent disclosure shall be made to the opposing counsel in a timely fashion upon learning of the disclosure.

Upon termination of this litigation, <u>the originals and all copies</u> of confidential Student Records, as well as any other materials containing such

information, shall be turned over without demand to the party or non-party who produced such material, or to its counsel, including any copies provided to any third parties.

Nothing in this Order or to the fact that a party has consented to entry of the Order constitutes an agreement to provide any confidential Student Record or information, or constitutes a determination as to the propriety or enforceability of any subpoena or discovery request, constitutes a waiver of any objection to any subpoena or discovery request, or constitutes a determination as to the discoverability or admissibility of any document or information.

This Order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to file under seal any paper or other matter in this case shall file and serve a motion that sets forth (i) the authority for sealing; (ii) an identification and description of each time proposed for sealing; (iii) the reason that sealing each item is necessary; (iv) the reason that means other than sealing are not available or unsatisfactory to preserve the interest advanced by the movant in support of sealing; (v) a memorandum of legal authority supporting sealing. See Local Rule 5.3. A party shall not file or otherwise or tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section.

**IT IS FURTHER ORDERED** that Defendant Oakland Community College

shall produce student records for all three (3) of the Apprenticeship Readiness TSC-2003 courses offered by Defendant Oakland Community College in the Summer of 2011 no later than August 29, 2014; Prior to the release of said records, Notice(s) shall be sent to the affected students in advance of compliance with this Order so that the student(s) may seek a Protective Order(s) should they so desire; The Notice(s) shall be mailed to the affected students at their last known address maintained by Oakland Community College no later than August 1, 2014; The Notice(s) will further allow the affected students twenty-one (21) days to notify this Court regarding any possible objection(s) to the release of said student records (a copy of the FERPA Notice is attached hereto); Pending no objection(s) by the affected students, entry of this Stipulated Protective Order regarding the use and further disclosure of non-party student education records and signing of the Acknowledgment agreement, the records shall be released to all attorneys of record following the expiration of the twenty-one (21) day objection period or by August 29, 2014.

Dated: July 28, 2014            s/Judith E. Levy
    Ann Arbor, Michigan        JUDITH E. LEVY
                                         United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 28, 2014.

                                                          s/Deborah J. Goltz for Felicia M. Moses
                                                          FELICIA M. MOSES
                                                          Case Manager

*Counsel for the parties agree to the above Stipulation:*

| | |
|---|---|
| /s/ Charles W. Palmer  (w/consent) | /s/ Bridget B. Romero  (w/consent) |
| CHARLES W. PALMER (P 29271) | BRIDGET B. ROMERO (Mo. Bar 56850) |
| Attorneys for Plaintiff | |
| | |
| /s/ John R. Canzano  (w/consent) | /s/ *Elizabeth Rae-O'Donnell* |
| JOHN R. CANZANO (P 30417) | ELIZABETH RAE-O'DONNELL (P41529) |
| Attorney for Defs Lee H. Taylor | Attorneys for Defs Oakland Community |
| and United Autoworkers Local 160 | College & Schumaker |

# ACKNOWLEDGMENT OF READING AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

1. My full name is _____

2. My address is _____

   _____

   _____

3. My present employer is _____

   _____

4. My present occupation or job description is _____

   _____

   5. I have received a copy of the FERPA Protective Order in this action, *Horn, et al v. Schumaker, et al*, U.S. District Court, Eastern District of Michigan, Case No. 13-13630. I have carefully read and understand the provisions of the Protective Order. I will comply with all of the provisions of the Protective Order.

   6. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action, any confidential materials disclosed to me.

   7. I will return all confidential materials and all copies or documents containing any confidential materials which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

   8. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

   _____

Dated: _____          (Signature)

# NOTICE

Dear _____:

Please be advised that you are receiving this notice pursuant to Federal Statute 20 USC §1232g(b)(2), also known as the Family Educational Rights & Privacy Act of 1974 (FERPA). Pursuant to a Judicial Order in the matter of ***Cynthia Horn, Andrew C. Marshall and Brooke Alison Roberts v. Adam Schumaker, Lee h. Taylor, Oakland Community College, General Motors, LLC, and United Autoworkers Local 160***, Case No. 13-cv-13630, Federal Judge Judith E. Levy has ordered the production of student records for all three (3) of the Apprenticeship Readiness TSC-2003 courses offered by Oakland Community College in the Summer of 2011. Your records will be among those produced.

Should you have any objections(s) to the release of your records, you must notify Judge Levy in writing regarding your objections no later than **August 22, 2014**. Judge Levy's address is as follows:

>Judge Judith E. Levy
>United States District Court for
>the Eastern District of Michigan
>Federal Building
>200 E. Liberty Street, Suite 300
>Ann Arbor, MI  48104

If no objections regarding the release of the records are received by the Court, said records shall be released to the parties to this action on August 29, 2014 in conformance with a FERPA Protective Order.

>Sincerely,
>
>Oakland Community College